April 26, 1996
[Not for Publication]
United States Court of Appeals United States Court of Appeals
For the First Circuit For the First Circuit


No. 95-1949

ELIZABETH V. BOGOSIAN,

Plaintiff, Appellee,

v.

JAMES H. WOLOOHOJIAN, ET AL.,

Defendants,



WOLOOHOJIAN REALTY CORP.,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Francis J. Boyle, Senior U.S. District Judge] 



Before

Cyr, Boudin and Stahl,
Circuit Judges. 



William R. Grimm, with whom Robert M. Duffy and Hinckley, Allen & 
Snyder, were on brief for appellant. 
Charles D. Ray, with whom John W. Cannavino and Cummings & 
Lockwood, were on brief for appellee. 




Per Curiam. This litigation has already used up an Per Curiam. 

enormous amount of legal talent and judicial resources over

its seven-year life. The ultimate issue is simply the value

of a minority shareholder's stake in a closely held

corporation. Yet, the dispute has resulted so far in more

than 250 entries on the district court docket and four

district court orders published in the Federal Supplement.

This is the third occasion on which the numerous protagonists

of this legal war have brought appeals before us; none of the

appeals concern the principal issue in the litigation. From

all we can tell, the end is not yet in sight.

Now two district court judges have entered what

appear to be conflicting orders affecting interim payments

due to the appellee. Orders by a third district judge and a

magistrate judge also implicate those payments, and a bevy of

lawyers, for themselves and for their clients, have asserted

claims and liens against the same funds. The issues

presented in this appeal could have been resolved without our

intervention if the parties were disposed to manage this

litigation with a view toward resolving issues instead of

proliferating them.

In any case, there are before us for review two

different orders of the district court entered on two

different dates. The first is the July 26, 1995, order

denying a motion by Woloohijian Realty Corporation ("WRC") to

-2- 2

modify the July 13, 1990, order directing WRC to make monthly

payments to Bogosian. The second is the August 8, 1995,

order releasing funds to Bogosian that had been held in an

escrow account pursuant to a June 8, 1993, order of the

magistrate judge. We treat the two orders separately for

reasons that will become apparent.

1. There is no apparent jurisdictional basis for

immediate appeal of the August 8 order. This order, so far

as it is contested on appeal, merely released to Bogosian

funds held under an escrow established at the direction of

the magistrate judge and held explicitly subject to the

control of the court. The district court ruled (1) that the

magistrate judge lacked authority to order these funds placed

in escrow and (2) even if that course had been permissible,

the funds should now be disbursed from escrow to Bogosian.

Contrary to appellants' assumption, this order is

not in form an injunction immediately appealable under 28

U.S.C. 1292(a)(1). Sometimes orders not designated as

injunctions are so treated where irreparable injury is

threatened, Carson v. American Brands, 450 U.S. 79, 84 

(1981), but here there is also no showing of irreparable

injury. The court's disposition of funds within its own

control does not create any danger that appellants will be

held in contempt by another judge; nor is it apparent that

-3- 3

this single transfer of funds to Bogosian will subject

appellants to the potential for excessive liability.

2. The July 26 order refusing to modify the

earlier injunction stands on a different footing. Appellants

had urged its modification, arguing that the injunction

(directing them to make payments monthly to Bogosian) clashed

with a later directive of another judge of the same court

directing appellants to withhold the monthly payments from

Bogosian pursuant to an attachment order in favor of other

creditors.1 The refusal to modify an injunction is

ordinarily appealable at once. Section 1292(a)(1).

The district court based its July 26 refusal to

modify on the ground that appellants would not be held in

contempt for distributing funds in the court's "custody."

Rhode Island law is unsettled as to the scope of the in 

custodia legis doctrine. While we agree that this reasoning 

would likely apply to the escrowed funds, it is at best

debatable whether in the present circumstances unearmarked

funds held by appellants would meet this description; and

assuming that appellants are under a conflicting order not to

pay those funds to Bogosian, we think that the district

 

1. We have assumed this conflict arguendo because it is 
asserted by appellants and not directly disputed by the
district court, the appellee or the record materials before
us. But we note that the record before us is not complete
and are not ourselves ruling that the conflict exists.

-4- 4

court's reasoning does not explain away the apparent threat

to appellants.

3. In remanding for further consideration, we

think it important to emphasize that there are serious

problems of both appearance and fairness when a litigant

seems to be subject to conflicting directives from two judges

of the same court. However tangled and vexatious the

litigation may be, this apparent conflict needs to be

resolved, either by establishing that the judicial orders do

not conflict, or by harmonizing the appellants' obligations

to the several claimants to the funds.

One solution might be for the court to act promptly

on the long-pending interpleader action by which appellants

have sought to reconcile the alleged conflict.

Alternatively, it might be possible to consolidate these

actions before a single judge so that he or she can make a

binding determination as to the scope of the appellants'

interim obligations. Whatever course the district court

adopts, we think this aspect of the matter does need careful

but prompt attention.

The appeal from the August 4, 1995, order of the

district court is dismissed. The July 26, 1995, order of the 

district court is vacated, and that matter is remanded for 

further proceedings consistent with this order.

It is so ordered. It is so ordered 

-5- 5